IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CINCINNATI, OHIO 45202

MR. EARL JOHNSON #428-149
C.C.I.
POST OFFICE BOX 5500
CHILLICOTHE, OHIO 45601

CASE NUMBER. 1:10-CV-890

JUDGE: Herman Weber

plaintiff
PETITIONER,

-VS-

CHILLICOTHE CORRECTIONAL INST
     WARDEN

MS. ROBIN KNAB
POST OFFICE BOX 5500
CHILLICOTHE OHIO 45601

DEFENDANT,

AND

MR JOESPH DETERS
HAMILTON COUNTY PROSECUTOR
230 EAST 9TH STREET SUITE 4000
CINCINNATI, OHIO 45202-2151

DEFENDANT ET, AL.

---

COMPLAINT FOR DECLARATORY JUDGEMENT, AND INJUNCTIVE RELIEF
PURSUANT TO 28 U.S.C.A. 2201, AND CIVIL RULE 57, AND REQUEST
FOR JURY DEMAND, FOR MONETARY DAMAGES UNDER 18 U.S.C.A §§1585-1595

---

RESPECTFULLY SUBMITTED BY

*Earl Johnson*

PLAINTIFF-PETITIONER ACTING IN PRO SE

INTRODUCTION

1) THIS IS A CIVIL RIGHTS ACTION WITH JURY DEMANDS FOR BUT NOT LIMITED TO, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF FOR AN UNSPECIFIED AMOUNT OF MONETARY DAMAGES AGAINST PUBLIC OFFICIALS AND EMPLOYEES OF THE OHIO DEPARTMENT OF REHABILIATTION AND CORRECTIONS (DRC) AND THE HAMILTON COUNTY, OHIO PROSECUTORS OFFICE.

IT IS ALLEGED THAT THE PLAINTIFF AND ALL SIMULARLY SITUATED HAS BEEN AND WILL BE DEPRIVED OF RIGHTS, PRIVILEGES, AND IMMUNITIES GUARANTEED BY THE OHIO, AND UNITED STATES CONSTITUTIONS UNDER TITLE 18 USC §1595 BY ACTS, AND CONDUCT OF THE DEFENDANTS, COMMITTED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES UNDER THE COLOR OF LAW, AND AUTHORITY OF THEIR OFFICE, AND EMPLOYMENT. THE ILLEGAL ACTS AND CONDUCT OF THESE DEFENDANTS AS ALLEGED ARE DETAILED BELOW OR WITHIN CONSTITUTES, [1] KIDNIPPING, AND [2[ THE WILLFUL OR INTENTIONAL MISCONDUCT TO SELL A PERSON (PLAINTIFF) INTO A CONDITION OF SLAVERY, AND INVOLUNTARY SERVATUDE IN VIOLATION OF 18 U.S.C. §1595.

THE DENIAL OF THE RIGHT TO BE FREE FROM CRUEL AND UNUSAL PUNISHMENT, AND THE RIGHT TO BE FREE FROM UNFAIR, UNREASONABLE, OR ARBITARY STATE AND OR FEDERAL GOVERNMENT ACTIONS, AS WELL AS THE DENIAL OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW.

2) THE ACTIONS OR CONDUCT OF THESE DEFENDANT'S CONSTITUTES A VIOLATION OF CLEARLY ESTABLISHED FEDERAL LAW, AND THIS COURT HAS JURISDICTION OVER THIS CASE TO HEAR AND ADJUDICATE THESE CLAIMS.

[ JURISDICTION ]

3) THIS ACTION IS BROUGHT PURSUANT TO TITLE 18 U.S.C. §1583 THROUGH 18 U.S.C. §1595 AND U.S.C. 241-242 AND THE FIFTH, SIXTH, EIGHTH, THIRTEENTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS. THE PLAINTIFF INVOKES THE JURISDICTION OF THIS COURT TO CONSIDER CLAIMS ARISING PURSUANT TO BOTH STATE AND FEDERAL LAW. THE AMOUNT IN CONTROVERSY EXCEED $100.000.00

<u>MEMORANDUM IN SUPPORT</u>

NOW COMES THE PETITIONER/PLAINTIFF MR. EARL JOHNSON PURSUANT TO 28 U.S.C. 2201, AND CIVIL RULE 57, AND STATES THAT THIS HONORABLE COURT SHOULD EXERCISE IT'S JURISDICTION, AND DISCRETION IN THIS MATTER AS DECLARATORY JUDGMENT ACT EXPANDS SCOPE OF AVAILABLE REMEDIES AND PERMITS PERSONS TO SEEK A DECLARATION OF CONSTITUTIONALITY OF DISPUTED GOVERNMENT ACTIONS, <u>DEVERAUX-VS-CITY OF CHICAGO</u> C.A.7 (ILL) 1994, 14 F.3d 328.

PETITIONER KNOWS THAT IN ORDER TO MAINTAIN AN ACTION FOR DECLARATORY JUDGMENT, A PARTY MUST SHOW THAT A REAL CONTRAVERSY EXIST BETWEEN THE PARTIES, WHICH IS JUSTIFIABLE IN CHARACTER, AND THAT SPEEDY RELIEF IS NECESSARY TO THE PRESERVATION OF RIGHTS WHICH MAY BE OTHERWISE IMPAIRED OR LOST.

<u>PETITIONER FURTHER STATES THAT A TRIAL COURT MAY NOT DISMISS A COMPLAINT FOR DECLARATORY JUDGMENT UNLESS THERE IS NO REAL CONTROVERSY OR JUSTIFIABLE ISSUE THAT EXIST.</u> THE REQUIREMENT THAT THERE BE AN ACTUAL CONTROVERSY" BETWEEN THE PARTIES BEFORE DECLARATORY JUDGMENT WILL LIE IS SATISFIED BY THE THREATENED ENFORCEMENT OF AN UNCONSTITUTIONAL LAW, OR MISAPPLIED. SEE <u>ALDEN INC-VS-RYAN</u> W.D. OKLA 1976, 454 F.SUPP 465.

AN ALLEGATION OF A DENIAL OF RIGHTS GUARANTEED UNDER A SPECIFIC CONSTITUTIONAL PROVISION IS SUFFICIENT TO RAISE A QUESTION APPROPRIATE ENOUGH FOR DECLARATORY RELIEF UNDER THIS SECTION. SEE <u>CLARK-VS-CITY OF FREMONT, NEBRASKA</u>, D.C. NEB 1974, 377 F.SUPP 327.

THE FACTORS IN WHETHER FEDERAL COURTS OR IN THIS CASE STATE COURTS SHOULD EXERCISE IT'S DISCRETION TO GRANT RELIEF UNDER DECLARATORY JUDGMENT ACT, DESPITE PENDING STATE ACTION; ARE (1) STRENGTH OF STATES INTEREST IN HAVING ISSUE'S RAISED IN FEDERAL ACTION DECIDED IN STATE COURT; (2) WHETHER THE ISSUE'S RAISED IN FEDERAL ACTION CAN MORE EFFECTICIENTLY BE RESOLVED IN COURT IN WHICH STATE ACTION IS PENDING; (3) WHETHER PERMITTING FEDERAL ACTION TO GO FORWARD COULD RESULT IN UNNECESSARY ENTANGLEMENT BETWEEN FEDERAL AND STATE COURT SYSTEMS, BECAUSE OF PRESENCE OF OVERLAPPING ISSUE'S OF FACTS AND LAW, AND (4) IN THE CASE AT BAR *** THERE ARE NO

PENDING STATE COURT PROCEEDINGS RELATING TO THIS REQUEST FOR DECLARATORY JUDGMENT, AND THE CONSTITUTIONAL CONTROVERSY OR DISPUTE BETWEEN THE PLAINTIFF/PETITIONER AND THE STATE OF OHIO IS THE CONSTITUTIONALITY OF HIS CRIMINAL CONVICTION, AND THE DUE PROCESS RIGHTS UNDER BOTH STATE AND FEDERAL LAW AND THE 13TH, AND 14TH AMENDMENTS, AS IT RELATES TO OHIO'S APPLICATION OF PROOF BEING ESTABLISHED BEYOND A REASONABLE DOUBT OF AN ACCUSED GUILT, VERSES THE FEDERAL CONSTITUTIONAL MEANING, AND HOW THE STATE IS MISAPPLYING THE WEIGHT TO BE GIVEN CIRCUMSTANTIAL EVIDENCE TO JUSTIFY UNCONSTITUTIONALLY OBTAINED CONVICTIONS THAT ARE BASED UPON NO PHYSICAL OR REAL EVIDENCE.

UNDER THE 13TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND 18 U.S.C.A §1583 THROUGH §1595 IT HAS BEEN WELL ESTABLISHED THAT;

> NO PERSON SHALL BE PLACED IN PRISON OR A STATE OF SLAVERY OR INVOLUNTARY SERVATUDE UNLESS THAT PERSON HAS BEEN FOUND GUILTY OF A CRIMINAL OFFENSE AND HAS BEEN AFFORDED DUE PROCESS OF LAW BEFORE AN IMPARTIAL TRIBUNAL AS A FORM OF PUNISHMENT FOR SUCH CRIME.

THE PLAINTIFF STATES THAT THE CASE OF IN RE WINSHIP DEFINES THE STANDARDS OF PROOF IN 397 U.S. 358, 90 S.CT 1970 U.S.N.Y. 1970 AT [4] AND [5]. IN THE CASE NOW BEFORE THIS HONORABLE COURT THE PLAINTIFF WAS CONVICTED WITHIN THE STATE COURT BY A LAYMAN JURY OF FELONIOUS ASSAULT, ONE COUNT OF IMPROPERLY DISCHARGING A FIREARM AT OR INTO A HIBITATION OR SCHOOL SAFETY ZONE, AND ONE COUNT OF HAVING WEAPONS UNDER DISABILITY, WHICH IS MORE FULLY EXPLAINED IN THE PLAINTIFF'S PROCEDURAL HISTORY WHICH IMMEDIATELY FOLLOWS THIS PAGE. DISCHARGING A FIREARM INTO A HABITATION, OR SCHOOL ZONE WAS DISMISSED. THE CONTROVERSY BETWEEN THE PARTIES ARE SIMPLE. AS IS THE CONSTITUTIONAL QUESTIONS WHICH ARE.

1) WAS THE PLAINTIFF WITHIN HIS CONSTITUTIONAL RIGHTS TO FIRE HIS ATTORNEY WHEN A SERIOUS CONFLICT OF INTEREST AROSE, AND HE INFORMED THE COURT WELL WITHIN TIME FOR THE COURT TO SUBSTITUTE COUNSEL FOR TRIAL?

2) WAS IT INEFFECTIVE ASSISTANCE OF COUNSEL NOT TO CALL TO THE STAND ONE

MR. WHITE WHO WAS THE ALLEGED VICTIM OF THE CRIME, AND MISCONDUCT OF THE PROSECUTING ATTORNEY IN VIOLATION OF EVIDENCE RULE 804 WHEN THE STATE NEVER PROVIDED A STATEMENT THAT THE ALLEGED VICTIM COULD NOT BE FOUND FOR THE PURPOSE OF TESTIFYING AT TRIAL?

3) WAS THE PLAINTIFF'S CONSTITUTIONAL RIGHTS VIOLATED WHEN HE WAS CHARGED WITH ASSAULTING MR BANKS, BUT WENT ON TRIAL FOR ASSAULTING SOMEONE ELSE NOT LISTED WITHIN THE COMPLAINT?

4) WAS IT INEFFECTIVE ASSISTANCE OF COUNSEL NOT TO HAVE CALLED ANY OF THE DEFENDANT'S ALIBI WITNESSES HE KNEW EXISTED IN TIME TO TESTIFY AT TRIAL?

5) DID THE STATE OF OHIO VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHTS TO DUE PROCESS WHEN THEY REFUSED TO PROVIDE THE PLAINTIFF/DEFENSE A COPY OF AN ALLEGED STATEMENT HE MADE TO THE POLICE ON THE NIGHT IN QUESTION?

6) WHEN TAKING ALL THE ABOVE QUESTIONS OR STATEMENTS INTO ACCOUNT WAS THE PLAINTIFF'S CONSTITUTIONAL RIGHTS TO A FAIR TRIAL VIOLATED, AND HIS CONVICTION BASED UPON NO EVIDENCE?

PURSUANT TO CIVIL REMEDY 18 U.S.C.A. §1595 (A) AN INDIVIDUAL WHO IS A VICTIM OF A VIOLATION MAY BRING A CIVIL ACTION AGAINST THE PERPETRATOR (OR WHOMEVER KNOWINGLY BENEFIT FINANCIALLY OR BY THE RECIEVING OF ANYTHING OF VALUE FROM PARTICIPATION IN A VENTURE WHICH THAT PERSON KNEW OR SHOULD HAVE KNOWN HAS ENGAGED IN AN ACT IN VIOLATION OF THIS SECTION/CHAPTER) IN AN APPROPRIATE DISTRICT COURT OF THE UNITED STATES AND MAY RECOVER DAMAGE AND REASONABLE ATTORNEY FEES.

(B)(1) STATE THAT ANY CIVIL ACTION FILED UNDER THIS SECTION SHALL BE STAYED DURING THE PENDENCY OF ANY CRIMINAL ACTION ARISING OUT OF THE SAME OCCURRENCE IN WHICH THE CLAIMANT IS THE VICTIM.

2) IN THIS SECTION OR SUBSECTION A CRIMINAL ACTION INCLUDES INVESTIGATION, AND PROSECUTION AND IS PENDING UNTIL FINAL ADJUDICATION IN THE TRIAL COURT.

C) STATES THAT NO ACTION MAY BE MAINTAINED UNDER THIS SECTION UNLESS IT IS

COMMENCED NOT LATER THAN 10 YEARS AFTER THE CAUSE OF ACTION AROSE.

\*\*\*\*\*\*\*HERE THE PLAINTIFF HAS FILED THIS COMPLAINT WELL WITHIN THE 10 YEAR TIME FRAME FOR FILING.

[ JURISDICTION ]

PLAINTIFF STATES THAT THIS HONORABLE COURT HAS PROPER JURISDICTION OVER THIS CASE PURSUANT TO U.S.C.A. §1584, AND THAT THIS CASE MEETS ANN CONTAINS ALL THE NECESSARY ELEMENTS OF THE STATUTE.

PURSUANT TO 18 U.S.C.A. §1583 (A) IT STATES THAT;

> WHOEVER (1) KIDNAPS OR CARRIES AWAY ANY OTHER PERSON WITH THE INTENT THAT SUCH OTHER PERSON BE SOLD INTO INVOLUNTARY SERVITUDE, OR HELD AS A SLAVE.

" A SLAVE" WITHIN FORMER SECTION 443 OF THIS SECTION WAS A PERSON WHO WAS WHOLLY SUBJECT TO THE WILL OF ANOTHER, ONE WHO HAD NO FREEDOM OF ACTION AND WHOSES SERVICES WERE WHOLLY UNDER THE CONTROL OF ANOTHER, AND WHO WAS IN A STATE OF ENFORCED COMPULSORY SERVICE TO ANOTHER. U.S.-VS-INGALLA S.D. CAL 1947, 73 F. SUPP 76.

THE FORCIBLY ELEMENT OF OFFENSE WHICH WAS A MATERIAL ELEMENT IN THE CRIME, DOES'NT MEAN PHYSICAL OR MANUAL FORCE, SEE U.S.-VS-GORDON C.C.N.Y. 1861, 25 F.CAS. 1364.

UNDER 18 U.S.C.A. §1589 IT STATES THAT;

> WHOEVER KNOWINGLY PROVIDES OR OBTAIN THE LABOR OR SERVICE OF A PERSON BY ANY ONE OF OR BY ANY CONBINATION OF THE FOLLOWING MEANS;

(A)(1) AND (3) AND (4). THE TERM "ABUSE OR THREATENED ABUSE OF LAW OR LEGAL PROCESS MEANS, THE USE OR THREATENED USE OF LAW OR LEGAL PROCESS WHETHER ADMINISTRATIVE, CIVIL OR CRIMINAL, IN ANY MANNER OR FOR ANY PURPOSE FOR WHICH THE LAW WAS NOT DESIGNED, IN ORDER TO EXERT PRESURE ON ANOTHER PERSON TO CAUSE THAT PERSON TO TAKE SOME ACTION OR REFRAIN FROM TAKING SOME ACTION. SEE U.S.-VS-BOOKER C.A.4 (N.C) 1981, 655 F.2d 562.

UNDER 18 U.S.C.A. 1583 IT STATES THAT

> ANY PERSON WHO FALSELY ACCUSED ANOTHER OF A CRIME, AND CARRIED HIM BEFORE A MAGISTRATE (OR IN THIS CASE A JUDGE) IN ORDER THAT HE MIGHT BE CONVICTED AND PUT TO HARD LABOR, HAVING AT THE TIME THE PURPOSE OR DESIGN TO HIRE. SEE PEONAGE CASES M.D. ALA 1903, 123 F. 671

PURSUANT TO THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS (A.R)

MEANING ADMINISTRATIVE RULES A.R. 5120-3-02 (A)(4) STATES THE FOLLOWING;

> WORK PROGRAM ASSIGNMENTS INCLUDE ALL TYPE OF INMATE LABOR NOT OTHERWISE SPECIFIED IN THIS SECTION OR PARAGRAPH, WHETHER IT RELATED TO THE PHYSICAL OPERATION OR LOCATION ON THE PROPERTY OF THE INSTITUTION, INCLUDING SPECIAL LABOR ASSIGNMENTS AUTHORIZED UNDER RULE 5120-3-07.

INMATE LABOR SHALL BE CONSTRUED UNDER 5120-3-02 (B) WITHIN (3) THREE CATEGORIES. (1) PRIVATE EMPLOYMENT. (2) OPI ASSIGNMENT, OR (3) WORK PROGRAM ASSIGNMENT.

UNDER A.R. SECTION 5120-3-05 (E) IT SHOWS THAT INMATES LABOR IS UNDER CONTRACT, AND SECTION (F) SHOWS WHERE SAID MONEY SHALL BE DEPOSITED. ALSO SEE 5120-3-11 (B)(4).

PURSUANT TO ADMINSTRATIVE RULE 5120-3-06 (A) WHICH STATES EXCEPT;

> INSOFAR AS INFRACTION ARE JOB RELATED AND MANIFEST AN INABILITY ON THE PART OF THE INMATE TO FUNCTION IN THE JOB OR AT THE JOB LOCATION. (1) REMOVED FROM A INSTITUTIONAL WORK PROGRAM FOR DISCIPLINARY REASONS. (K) THE MANAGING OFFICER OR HIS DESIGNEE MAY ASSIGN AN INMATE TO A TEMPORARY JOB AT ANY TIME BASED ON THE INSTITUTIONS NEEDS.

ADMINISTRATIVE RULE 5120-9-11 SECURITY CONTROL AND DISCIPLINARY CONTROL AT (B) INCLUDES CONSEQUENCES FOR INMATES REFUSAL TO WORK.

<u>THIS CLEARLY ESTABLISHES THAT A INMATE IS FORCED AGAINST HIS WILL TO WORK IN A STATE OF INVOLUNTARY SERVATUDE, AND SECTION 5120-3-05 CLEARLY SHOWS THAT THE STATE OF OHIO BENEFITS FROM INMATE LABOR (SLAVERY)</u>.

ALSO SEE MASTER-SERVANT RELATIONSHIP, IN <u>BAIRD-VS-SICKLER</u> CITED AT 433 NE.2d 593 (OHIO) 1982.

(PRAYER FOR RELIEF )

THE PLAINTIFF MOVES THIS HONORABLE COURT PURSUANT TO 18 U.S.C.A §1593 TO

ORDER MANDATORY RESTITUTION, AS SAID SECTION STATES;

(A) NOTWITHSTANDING SECTION 3663 OR 3663 (A) AND IN ADDITION TO ANY OTHER CIVIL OR CRIMINAL PENALTIES AUTHORIZED BY LAW THE COURT SHALL ORDER OF RESTITUTION UNDER THIS SECTION OR CHAPTER.

(B)(1) STATE THAT;

THE ORDER OF RESTITUTION UNDER THIS SECTION SHALL DIRECT THE DEFENDANTS TO PAY THE VICTIM (THROUGH THE APPROPRIATE COURT MECHANISM) THE FULL AMOUNT OF THE VICTIMS LOSSES, AS WILL BE DETERMINED BY THE COURT UNDER PARAGRAPH (3) OF THIS SECTION.

(B)(2) AN ORDER OF RESTITUTION UNDER THIS SECTION SHALL BE ISSUED AND ENFORCED IN ACCORDANCE WITH SECTION 3664 IN THE SAME MANNER AS AN ORDER UNDER SECTION 3663 (A).

(B)(3) STATE THAT;

AS USED IN THIS SECTION OR SUBSECTION, THE TERM FULL AMOUNT OF THE VICTIM'S LOSSES "HAS THE SAME MEANING AS INCLUDING OR PROVIDED IN SECTION 2259 (B)(3) AND SHALL IN ADDITION INCLUDE THE GREATER OF GROSS INCOME OR VALUE TO THE DEFENDANT OF THE VICTIM'S SERVICES OR LABOR OR VALUE OF THE VICTIM'S LABOR AS GUARANTEED UNDER THE FEDERAL AND STATE MINUMUM WAGE AND OVERTIME GURANTEES OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. 201 ET SEQ). 2259 (B)(3)(E) AND (f). **DOUBLE DAMAGES** **** 29 U.S.C. §260.

**AND** OR THE SUM IN WHICH A JURY COULD DECIDE "IF THIS HONORABLE COURT WOULD ALLOW A JURY TO DECIDE A AMOUNT.

HERETO ATTACHED ARE THE PLAINTIFF EXHIBITS,

(1) PROCEDURAL HISTORY (PAGES 1 THROUGH 4 ).

(2) A BRIEF STATEMENT BY PLAINTIFF IN AFFIDAVIT FORM CONCERNING THE CONSTITUTIONAL RIGHT AND CIVIL RIGHTS THAT WERE DELIBERATELY VIOLATED ( PAGE        THROUGH        ).

                                    RESPECTFULLY SUBMITTED BY

                                    _Earl Johnson_
                                    PLAINTIFF ACTING IN PRO SE


[ CERTIFICATE OF SERVICE ]


( PAGE 7 )

THIS IS TO CERTIFY THAT A TRUE COPY OF THE FOREGOING MOTION FOR DECLARATORY JUDGMENT WAS SENT TO THE REPRESENTATIVE OF THE RESPONDENTS, THE OHIO ATTORNEY GENERALS OFFICE BY REGULAR U.S. MAIL LOCATED AT 150 EAST GAY STREET, COLUMBUS, OHIO 43215 ON THIS 9th DAY OF DECEMBER 2010.

RESPECTFULLY SUBMITTED

_Earl Johnson_
PLAINTIFF- PETITIONER PRO SE

( PAGE   )

AFFIDAVIT AND DECLARATION OF THE
PLAINTIFF-PETITIONER

IN THE NAME OF THE
UNITED STATES

MR. EARL JOHNSON ) SS.

I EARL JOHNSON HAVING BEEN FIRST DULY SWORN AND CAUSTIONED AS TO THE PENALTIES FOR PERJURY HEREBY AVERT, AND STATE THAT ALL THE INFORMATION PROVIDED THIS COURT IS TRUE TO THE BEST OF MY KNOWLEGDE AND THAT.

1. I AM THE AFFIANT, A CITIZEN OF THE UNITED STATES OR LEGAL RESIDENT AND THAT I DO HAVE PERSONAL KNOWLEDGE OF ALL THE FACTS INVOLVED IN THIS CASE IN WHICH I AM LEGALLY COMPETNENT, AND WILLING TO TESTIFY.

2. THAT IN THE PAST (5) YEARS AS IS REQUIRED BY LAW IM OBLIGATED TO DISCLOSE TO THE COURT ALL MY CIVIL FILINGS, THEREFORE I DISCLOSE THAT IN THE PAST (5) YEARS I HAVE NOT FILED A CIVIL COMPLAINT AGAINST ANYONE.

3. THAT I DID FILE FOR A WRIT OF HABEAS CORPUS ON SEPTEMBER 7, 2004 WHICH IS BEYOND THE FIVE YEARS IN THE EVENT THAT SAID BECOMES AN ISSUE WITH THE DEFENDANT'S.

SWORN TO AND SUBSCRIBED TO IN MY PREESENCE ON THIS __8th__ DAY OF __December__ 20_10_

SEAL;

NOTARY PUBLIC
MY COMMISSION EXPIRES
MO. _08_ DAY _03_ YEAR _2015_

_Earl Johnson_
SIGNATURE OF THE AFFIANT PRO SE

_Marsha Straub Ortner_
SIGNATURE OF THE NOTARY PUBLIC

( PAGE 8 )