UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EARL JOHNSON,<br>    Plaintiff | Case No. 1:10-cv-890 |
| | Weber, J. |
| vs | Litkovitz, M.J. |
| CHILLICOTHE CORRECTIONAL<br>INSTITUTION WARDEN, et al.,<br>    Defendants | **REPORT AND RECOMMENDATION** |

Plaintiff, an inmate at the Chillicothe Correctional Institution (CCI) in Chillicothe, Ohio, brings this action against Robin Knab, the CCI warden, and Joseph Deters, the Hamilton County, Ohio Prosecutor. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, __ F.3d __, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill v. Lappin*, __ F.3d __, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff alleges a violation of his constitutional and statutory rights by virtue of his allegedly unlawful conviction.[1] He alleges that the State failed to prove his conviction beyond a reasonable doubt and committed numerous violations of his constitutional rights during his trial. (Complaint at 3-4). The complaint also alleges that plaintiff is forced to work against his will while in prison. Plaintiff alleges that the actions of the defendants amount to kidnaping and involuntary servitude in violation of 18 U.S.C. §§ 1584 and 1595, his constitutional rights, and his rights under State law. Plaintiff seeks declaratory, injunctive, and monetary relief.

Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, requiring inmates to work does not violate the Thirteenth Amendment's prohibition against involuntary servitude. *See Sims v. Parke Davis & Co.,* 334 F. Supp. 774, 792-93 (E.D. Mich.1971), *aff'd,* 453 F.2d 1259 (6th Cir. 1971). *See also Harris v. Michigan Dept. of Corrections*, No. 08-13383, 2008 WL 4647991, at *2 (E.D. Mich. Oct.21, 2008) (and cases cited therein). Nor does it violate Ohio law. *See Eberle v. Wilkinson*, No. 2:03-cv-272, 2010 WL 4918780, at *7 (S.D. Ohio Nov. 24, 2010) (inmate labor is not unlawful under Ohio Rev. Code § 5145.16(A)).

Second, plaintiff has no cause of action under 18 U.S.C. § 1584. That provision imposes

---

[1] Petitioner was convicted of felonious assault and having weapons while under disability with accompanying firearm specifications. *See Johnson v. Warden*, Case No. 1:04-cv-608 (S.D. Ohio) (Doc. 11, Exh. 1;Transcript 381-82). Plaintiff was sentenced to sixteen years imprisonment. *Id*. (Doc. 11, Exh. 8).

criminal sanctions against a person engaging in the practice of involuntary servitude and was enacted by Congress to enforce the Thirteenth Amendment. *See Buchanan v. City of Bolivar*, 99 F.3d 1352, 1357 (6th Cir. 1996). It does not, however, authorize a private cause of action by an individual. *Id*.

Third, plaintiff fails to state a claim for relief under 18 U.S.C. § 1595. That section provides a civil remedy to victims of the crimes of peonage, slavery, and human trafficking. *See* 18 U.S.C. § 1595(a). Plaintiff has not alleged facts showing that he is the victim and that defendants are the perpetrators of such crimes. His theory of relief appears to be based on his claim that his conviction is unconstitutional and, therefore, his imprisonment and "forced" prison work amount to peonage or involuntary servitude. But because plaintiff's cause of action is premised on his allegedly unlawful conviction, plaintiff must first show that his conviction has been reversed on appeal, declared unconstitutional, or otherwise invalidated.

Under 42 U.S.C. § 1983, a prison inmate has no right to relief on the basis of an allegedly unconstitutional conviction or sentence unless the inmate has already succeeded in having the conviction or sentence invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995). When an inmate's successful § 1983 action would necessarily imply that his sentence or conviction is invalid, the complaint must be dismissed unless the inmate can demonstrate that his conviction or sentence has already been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus in order to proceed with the § 1983 action. *Id*. *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a state prisoner's §

1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief) . . .- if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

In this case, the complaint alleges numerous violations of plaintiff's constitutional rights in connection with his criminal conviction. (Complaint at 3-4). A judgment in favor of plaintiff in this action would necessarily imply that his state court conviction and resulting imprisonment are invalid. However, plaintiff has not alleged any facts showing his conviction has been invalidated by a federal or state court or other appropriate tribunal. The Court takes judicial notice that plaintiff's habeas corpus petition in this Court was denied with prejudice on December 1, 2006. *See Johnson v. Warden*, Case No. 1:04-cv-608 (S.D. Ohio Dec. 1, 2006) (Doc. 17). Because plaintiff has not demonstrated his conviction has been overturned or invalidated, he may not proceed with a § 1983 action against the defendants. *Id*.

To the extent plaintiff claims the actions of defendants violate the state law of Ohio, the Court should decline to exercise pendent jurisdiction over such claims because plaintiff fails to state a viable federal law claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Thus, plaintiff's state law claims should be dismissed without prejudice for lack of jurisdiction.[2]

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's federal claims be dismissed. To the extent plaintiff's federal law claims are being dismissed pursuant to *Heck,* the dismissal should be without prejudice. *See Diehl v. Nelson,*

---

[2] Because both plaintiff and defendants are Ohio residents, the Court does not have diversity jurisdiction over this matter in any event. *See* 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

198 F.3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999) (citing *Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir. 1996)).

 2. The Court decline supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 and dismiss such claims without prejudice.

 3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 1/13/2011            s/Karen L. Litkovitz
                       Karen L. Litkovitz, Magistrate Judge
                       United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EARL JOHNSON,	Case No. 1:10-cv-890
    Plaintiff

                                                                   Weber, J.

vs	Litkovitz, M.J.

CHILLICOTHE CORRECTIONAL
INSTITUTION WARDEN, et al.,
    Defendants

**NOTICE**

    Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).